IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GIUSEPPE "JOE" BRANDONISIO					PLAINTIFF

V.								CIVIL ACTION NO. 1:20-CV-232-SA-DAS

NISSAN OF CORINTH, LLC, d/b/a
CORINTH AUTO GROUP,
NISSAN NORTH AMERICA, INC., et al.				DEFENDANTS

ORDER AND MEMORANDUM OPINION

On December 2, 2020, Giuseppe "Joe" Brandonisio filed his Amended Complaint [5], wherein he names Nissan of Corinth, LLC d/b/a Corinth Auto Group ("Corinth Nissan") and Nissan North America, Inc. ("Nissan North America") as Defendants. There are currently multiple Motions [20, 25, 27, 45] pending. Having reviewed the parties' filings, along with the relevant authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

This action stems from Brandonisio's March 2020 purchase of a new 2019 Nissan Titan truck from Corinth Nissan. Brandonisio avers that essentially immediately after he purchased the truck from Corinth Nissan, it was inoperable. Specifically, he asserts that, even though the truck was placed out of service for almost three months after he purchased it, the Defendants refused to authorize a refund but instead left him burdened to deal with the defective "lemon."

In his Amended Complaint [5], Brandonisio asserts that the Defendants should be held liable pursuant to the Magnuson Moss Warranty Act (15 U.S.C. § 2301, *et seq.*) and Mississippi's Motor Vehicle Warranty Enforcement Act (or "Lemon" Law) (MISS. CODE ANN. § 63-17-51, *et seq.*). He also asserts common law causes of action for unjust enrichment, rescission and cancellation, assumpsit, breach of express warranty, breach of the implied warranties of fitness and merchantability, breach of the covenant of good faith and fair dealing, negligent/intentional

infliction of emotional distress, negligent/intentional misrepresentation, and negligence/gross negligence.

On February 3, 2021, Brandonisio filed a Motion for Partial Summary Judgment [20], asserting that he is entitled to summary judgment on his state law claim under the Motor Vehicle Warranty Enforcement Act. In addition to opposing the Motion [20], the Defendants filed a Motion [25] pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, requesting that the Court deny or delay ruling on Brandonisio's Motion [20] until "meaningful discovery" can be conducted. [25] at p. 4.

On May 12, 2020, this Court, acting *sua sponte*, issued an Order to Show Cause [42]. In its Order [42], the Court raised concerns as to the existence of federal question jurisdiction under the Magnuson Moss Warranty Act and, furthermore, as to the existence of diversity jurisdiction. The Court therefore ordered Brandonisio to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. [42] at p. 6. The Court specifically provided Brandonisio "fourteen (14) days from the entry of [the] Order to submit: (1) a response sufficiently alleging the basis for this Court's jurisdiction, as to both the alleged federal question jurisdiction and diversity jurisdiction; and (2) a motion for leave, pursuant to 28 U.S.C. § 1653, to amend his Complaint to allege jurisdiction." *Id*. Brandonisio complied with this Order, filing a Response to the Order to Show Cause [43] and a Motion for Leave to Amend [45] on May 24, 2021.

*Analysis and Discussion*

Because it is potentially dispositive, the Court first turns to Brandonisio's Motion for Leave to Amend [45].

2

    I.    *Motion for Leave to Amend [45]*

Brandonisio requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Under that Rule, the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "However, the rule is 'by no means automatic.'" *Alston v. Prairie Farms Dairy, Inc.*, 2018 WL 9866506, at *1 (N.D. Miss. Jan. 17, 2018) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). "On the contrary, the district court has discretion in determining whether to allow amendments of pleadings." *Id.* (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). The Fifth Circuit has set forth the following five factors to be considered in determining whether leave to amend should be granted: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citing *Smith*, 393 F.3d at 595).

Particularly pertinent here is the fifth factor—specifically, whether the amendment would be futile in light of the jurisdictional issues the Court raised in its Order to Show Cause [42]. Because the Court ordered that Brandonisio address both federal question jurisdiction and diversity jurisdiction, the Court will analyze each of those matters separately.

    A.    *Federal Question Jurisdiction*

As noted in the Court's previous Order [42], the Magnuson Moss Warranty Act provides in pertinent part:

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection --
>> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>> (B) *if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit*; or

> (C) if the action is brought as a class action, and the number
> of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3) (emphasis added). Thus, in order for federal question jurisdiction to exist pursuant to the Magnuson Moss Warranty Act, the amount in controversy must be at least $50,000.00. *See Todd v. Kellum*, 2016 WL 4261919, *2 (N.D. Miss. Aug. 10. 2016) ("Federal question jurisdiction under the [MMWA] . . . allows litigants to bring breach-of-warranty claims in federal court if the amount in controversy is at least $50,000.00."). "Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA." *Id*. (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 886 (5th Cir. 2014)). Importantly, there are several limitations which apply when calculating the amount in controversy under the Magnuson Moss Warranty Act:

> First, personal injury damages for breach of warranty, which are not recoverable under the MMWA, may not be counted to satisfy the jurisdictional amount. Second, attorneys fees may not be used to satisfy the jurisdictional amount, because the MMWA requires that the amount in controversy be calculated "exclusive of interests and costs." Last, damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount.

*Id*. (quoting *Scarlott*, 771 F.3d at 887-88) (internal citations omitted). Ultimately, the amount in controversy for a breach of warranty claim equals the diminished value of the subject purchased item plus incidental damages and, only in rare circumstances, punitive damages. *Id*. at *3-4.

Brandonisio first contends that the diminished value of the vehicle is $39,561.00. On this point, Brandonisio cites Mississippi Code Section 63-17-159(1) which provides as follows:

> (1) If the manufacturer or its agent cannot conform the motor vehicle to any applicable express warranty by repairing or correcting any default or condition which impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall give the consumer the option of having the manufacturer either replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or take title

4

> of the vehicle from the consumer and refund to the consumer the full purchase price, including all reasonably incurred collateral charges, *less a reasonable allowance for the consumer's use of the vehicle.* The subtraction of a reasonable allowance for use shall apply when either a replacement or refund of the motor vehicle occurs. *A reasonable allowance for use shall be that sum of money arrived at by multiplying the number of miles the motor vehicle has been driven by the consumer by Twenty Cents (20¢) per mile*. Refunds shall be made to the consumer and lienholder of record, if any, as their interests may appear.

Miss. Code Ann. § 63-17-159(1) (emphasis added). Brandonisio contends that $39,561.00 is the diminished value of the vehicle because it takes into account the purchase price of $44,313.00 less $4,752.00, which amount incorporates the 23,760 miles the vehicle has been driven since purchase multiplied by 20 cents per mile. The Court finds that Brandonisio has adequately alleged the diminished value of the vehicle.

As noted above, incidental damages may also be considered in the computation of the amount in controversy for Magnuson Moss Warranty Act purposes. *See Todd*, 2016 WL 4261919, at *4. Regarding incidental damages, Brandonisio asserts as follows:

> Plaintiff suffered several thousand dollars in incidental damages as a result of the vehicle's nonconformities. After the vehicle failed the second time while Joe worked in Illinois, Plaintiff incurred towing expenses to have the vehicle brought to Dixon, Illinois for inspection. The Nissan dealership in Dixon did not have a diesel technician that could repair the vehicle so it was subsequently transferred to a Nissan dealership in Peoria, Illinois. While in Peoria, Plaintiff had to stay in a hotel and miss five (5) days of work while waiting for repairs. While Nissan maintained possession of the vehicle in Peoria, Plaintiff purchased a Ford Transit so he could continue to commute for work. Plaintiff is entitled to reimbursement for the monthly payments he has made on the Ford since its purchase. Plaintiff still pays for insurance on the subject vehicle, and he is entitled to reimbursement for this collateral expense. Further, Plaintiff is entitled to the loss of use of the vehicle. Plaintiff was without the vehicle for eighty-one (81) days while Nissan attempted to repair the vehicle's nonconformities. Plaintiff has not driven the vehicle since it was returned to him on November 5, 2020 because it remains inoperable. As of the date of this Response, Plaintiff has

not been able to drive the vehicle for a total of 283 days. The local rental value of a full-sized truck is $137.49 per day. Based on the above, Plaintiff has incurred damages totaling $84,378.92, as further demonstrated below:

| | |
|---|---|
| Diminished value of the vehicle: | $39,561.00 |
| Towing Expenses: | $143.00 |
| Hotel Expenses: | $144.66 |
| Lost Wages: | $1,580.10 |
| Substitution Vehicle Expenses: | $2,571.52 |
| Collateral Insurance Expenses: | $1,468.97 |
| Loss of Use: | $38,909.67 |
| **Total:** | **$84,378.92** |

[44] at p. 3-4.

The Defendants oppose Brandonisio's calculation, contending that he failed to mitigate his damages and that the expenses he claims are exaggerated. However, while the Defendants may ultimately prevail as to some of those arguments, the Court is only concerned, at this stage in the proceedings, with whether Brandonisio has adequately alleged that the amount in controversy exceeds $50,000.00. *See*, *e.g*, *Todd*, 2016 WL 4261919, at *4. In other words, the Court's jurisdiction is not based upon the amount that a jury may ultimately award but, instead, depends only on the allegations of a plaintiff's complaint. *See*, *e.g.*, *Christiana Trust v. Henderson*, 181 F. Supp. 3d 375, 377 (S.D. Tex. Jan. 20, 2016) (citing *Tupperware Home Parties v. Stewart*, 40 F.3d 384 (5th Cir. 1994)) (noting that, in a diversity case, "the sufficiency of the amount in controversy is based on the allegations in the Complaint."). The Court finds that Brandonisio has sufficiently alleged that the amount in controversy on his Magnuson Moss Warranty Act claim exceeds $50,000.00 and therefore finds that he has adequately alleged federal question jurisdiction.

6

B.   *Diversity Jurisdiction*

Although the Court finds that federal question jurisdiction is present, it will also, out of an abundance of caution and for the sake of clarity, analyze whether diversity jurisdiction exists. In its Order to Show Cause [42], the Court raised the following concerns as to the existence of diversity jurisdiction:

> Although Brandonisio alleges that diversity jurisdiction is applicable, the Court notes that he asserts that he is 'an adult resident of Tennessee' and that Nissan North America 'is a Tennessee [c]orporation doing business in Mississippi with its principal place of business in Franklin, Tennessee." Amended Complaint [5], p. 1. As noted above, for diversity jurisdiction to exist, all persons on one side of the controversy must be completely diverse from all persons on the other side. *See Harvey,* 542 F.3d at 1079-1080. In light of the jurisdictional allegations contained in the Amended Complaint [5], the Court has significant concerns as to whether diversity jurisdiction exists.
>
> In addition to the jurisdictional issue associated with Nissan North America, the Court also notes that, though Brandonisio alleges that the other Defendant, Corinth Nissan, is an LLC, he states that it is "a Mississippi [c]orporation with its principal place of business in Mississippi." Amended Complaint [5], p. 1. While the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, the citizenship of an LLC "is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. Thus, to the extent that Brandonisio relies upon diversity jurisdiction to invoke this Court's jurisdiction, his Amended Complaint [5] fails to properly identify Corinth Nissan's citizenship.

[42] at p. 5-6. In his Response [43], Brandonisio first notes that he is a citizen of Illinois and that he was a citizen of Illinois at the time the lawsuit was filed. Specifically, he notes that he "was a resident of the State of Tennessee at the time he purchased his vehicle; however, Plaintiff moved to the State of Illinois before the filing of the instant lawsuit, making him diverse from the named defendants." [44] at p. 5. In other words, he takes the position that he improperly alleged his own domicile in his Amended Complaint [5].

7

Brandonisio attached to his Response [43] an insurance policy declarations page for the policy period commencing on October 29, 2020 (prior to the initiation of this lawsuit). The declarations page lists 2031 Locust Road, Morris, Illinois 60450 as the address of Alisha Brandonisio (Joe Brandonisio's wife). Joe Brandonisio's name is also listed on the declarations page. His Proposed Second Amended Complaint alleges that he is a resident of Illinois. *See* [45], Ex. A at p. 1. Taking Brandonisio's allegations as true, the Court finds that diversity jurisdiction has been properly alleged. *See Jarman v. Hancock*, 1995 WL 1947415, at *2 (N.D. Miss. Mar. 3, 1995) (citing *Harris v. Black Clawson Co.*, 964 F.2d 547, 549 (5th Cir. 1992) (additional citations omitted) ("The general rule is that diversity of citizenship is determined *at the commencement of a lawsuit*.") (emphasis added).[1]

Brandonisio's Motion for Leave to Amend [45] is GRANTED. He shall file his Second Amended Complaint, which is attached as Exhibit "A" to his Motion for Leave to Amend [45], within seven (7) days of today's date.

## II. *Motion for Partial Summary Judgment [20], Motion to Continue [25]*

As noted above, Brandonisio has moved for summary judgment on his state law claim under Mississippi's Motor Vehicle Warranty Enforcement Act. *See* [20]. The Defendants request that the Court deny Brandonisio's Motion [20] or delay ruling until the Defendants are provided an opportunity to conduct discovery.

### A. *Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV.

---

[1] Brandonisio's Response [43] and the Proposed Second Amended Complaint attached to his Motion for Leave to Amend [45] adequately address the other jurisdictional facts raised in the Order to Show Cause [42]—specifically, the citizenship of Nissan North America.

P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalist arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

  B.  Application

As quoted above, Mississippi's Motor Vehicle Warranty Enforcement Act provides a remedy to consumers when "the manufacturer or its agent cannot conform the motor vehicle to any applicable express warranty by repairing or correcting any default or condition which impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts[.]" MISS. CODE ANN. § 63-17-159(1). Although Section 63-17-159(1) makes clear that

9

the manufacturer must be given a reasonable number of attempts to correct the default prior to the consumer being entitled to a remedy, Section 63-17-159(3) provides:

> (3) It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties if within the terms, conditions or limitations of the express warranty, or during the period of one (1) year following the date of original delivery of the motor vehicle to a consumer, whichever expires earlier, either:
>
> > (a) Substantially the same nonconformity has been subject to repair three (3) or more times by the manufacturer or its agent and such nonconformity continues to exist; or
> >
> > (b) *The vehicle is out of service by reason of repair of the nonconformity by the manufacturer or its agent for a cumulative total of fifteen (15) or more working days*, exclusive of downtime for routine maintenance as prescribed by the owner's manual, since the delivery of the vehicle to the consumer. The fifteen-day period may be extended by any period of time during which repair services are not available to the consumer because of conditions beyond the control of the manufacturer or its agent.

*Id*. at § 63-17-159(3) (emphasis added).

Here, Brandonisio contends that the vehicle "suffered from nonconformities the day after he purchased it." [21] at p. 6. He avers that he provided Nissan a reasonable number of attempts to repair the nonconformities but that the Titan "is still inoperable after being place[d] out of service for eighty-one (81) days." *Id*. Consequently, he contends that he is entitled to judgment as a matter of law pursuant to Section 63-17-159(3).

Although the Mississippi statute is relatively clear as to the imposition of liability under the Act, Mississippi Code Section 63-17-159(2) lists multiple affirmative defenses of which manufacturers may avail themselves, specifically providing:

> (2) It shall be an affirmative defense to any claim under Section 63-17-151 *et seq*. that:

10

>   (a) An alleged nonconformity does not impair the use, market value or safety of the motor vehicle;
>   (b) A nonconformity is the result of abuse, neglect or unauthorized modifications or alterations of a motor vehicle by a consumer;
>   (c) A claim by a consumer was not filed in good faith; or
>   (d) Any other affirmative defense allowed by law.

MISS. CODE ANN. § 63-17-159(2).

The Defendants raise a number of arguments in response to Brandonisio's request for summary judgment. First, the Defendants contend that Brandonisio failed to comply with Nissan's informal settlement procedure. On this point, Section 63-17-163 provides that "[i]f a manufacturer has established an informal dispute settlement procedure which complies in all respects with the provisions of 16 C.F.R., Part 703, *the provisions of Section 63-17-159 concerning refunds or replacements shall not apply to any consumer who has not first resorted to such procedure*." MISS. CODE ANN. § 63-17-163 (emphasis added). The Defendants contend that Nissan had in place a dispute resolution program and that, although one of Nissan North America's arbitration specialists reached out to Brandonisio in response to his original notice letter, Brandonisio did not communicate with Nissan any further. The Defendants contend that the informal dispute resolution program is set forth in Nissan's warranty booklet.

On the other hand, Brandonisio cites Section 63-17-159(5), which in pertinent part provides that "[i]f the manufacturer fails to notify the consumer of the availability of this informal dispute settlement procedure, the requirements of Section 63-17-163 shall not apply." MISS. CODE ANN. § 63-17-159(5). Brandonisio avers that he was not notified of the informal dispute settlement procedure and therefore argues that the Defendants cannot take advantage of that defense. The Defendants then filed a supplemental Motion to Amend [27] their response to include an affidavit of Chris Schaubert, the General Manager of Corinth Nissan. *See* [27], Ex. A. In the Affidavit,

11

Schaubert states that the warranty booklet which contains the informal dispute settlement procedure was at all pertinent times available online and further states that "[a] warranty booklet accompanies all vehicles at the time of purchase, and the warranty booklet attached hereto at Exhibit 'A' would have accompanied the subject vehicle when purchased by Mr. Brandonisio." [27], Ex. A at p. 1-2.[2]

Ultimately, the parties appear to set forth competing versions of events as to the notice Brandonisio received regarding Nissan's informal dispute settlement procedure. In the Court's view, this constitutes a question of fact, warranting additional discovery prior to the Court issuing a definitive ruling on Section 63-17-163's applicability.

In addition, the Defendants point to Section 63-17-159(2)(b), which provides an affirmative defense to manufacturers if the nonconformity is "the result of abuse, neglect or unauthorized modifications or alterations of a motor vehicle by a consumer[.]" MISS. CODE ANN. § 63-17-159(2)(b). The Defendants contend that "the evidence submitted with Plaintiff's motion shows that Plaintiff completed his own repairs on the subject vehicle. . . Therefore, Defendants must be given an opportunity to 'flesh out' the details of Plaintiff's repairs and modifications to the subject vehicle." [24] at p. 8. The Defendants' reference is to an Invoice from Uftring Nissan dated September 28, 2020, which notes that "Customer has recently replaced the fuel filters." [20], Ex. D. Although the description on this Invoice may be easily explained and Brandonisio has

---

[2] Brandonisio contends that the warranty booklet the Defendants provided should be stricken because it constitutes "unqualified hearsay and no showing has been made to provide it was provided to Plaintiff." [26] at p. 4. The Fifth Circuit has noted that "[a]t the summary judgment stage, evidence need not be authenticated or otherwise presented in admissible form." *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing FED. R. CIV. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017)). "After a 2010 revision to Rule 56, materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence." *Id*. (citations omitted) (emphasis in original); *see also Trujillo v. Volt Management Corp.*, 846 F. App'x 233, 236 (5th Cir. 2021). At this stage in the proceedings, the Court cannot find that the Defendants are incapable of presenting the document in a form that would be admissible at trial. Therefore, the Court will not strike the document.

testified via affidavit that he has "not made or attempted to make any repairs, replacement, alteration, or modification to the Truck[,]" the Court finds that the Defendants should be permitted to conduct further discovery on that point in order to adequately investigate whether the affirmative defense is applicable. *See* [28], Ex. A at p. 4.

Ultimately, Rule 56(d) authorizes the Court to deny or defer ruling on a summary judgment motion in order to provide the nonmovant additional time to present facts essential to justify its opposition to such a motion. FED. R. CIV. P. 56(d). Specifically, the Rule provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

*Id*. Here, the Court finds additional discovery would be appropriate so as to provide the Defendants the opportunity to fully investigate the potential applicability of any affirmative defense which may be available, prior to this Court issuing a dispositive ruling on Brandonisio's Motor Vehicle Warranty Enforcement Act claim.

*Conclusion*

Brandonisio's Motion for Leave to Amend [45] is GRANTED. The Defendants' Motion to Continue [25] is GRANTED, and Brandonisio's Motion for Partial Summary Judgment [20] is DENIED *without prejudice*.[3]

Brandonisio shall file his Amended Complaint within seven (7) days of today's date. The previously imposed stay is hereby lifted. The Magistrate Judge assigned to this case shall reset all deadlines as necessary.

SO ORDERED, this the 27th day of September, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] The Court will also terminate the pending Motion to Amend Response [27]. As shown above, the Court considered the Schaubert Affidavit as part of its ruling, and the Court sees no need for that Motion [27] to remain pending.